# East Tenn., Va. & Ga. Railway Co. *v.* Kornegay.

*Action against Railroad Company, for Damages on account of Personal Injuries.*

1. *Contributory negligence by person crossing railroad track; failure of engineer to give statutory signals.*—A person who, on approaching a place where two railroad trains had met and were standing, and attempted to cross the tracks, without stopping to look and listen, is injured by one of the engines moving slowly behind him, is guilty of contributory negligence, which bars a recovery of damages, unless the evidence also shows such negligence on the part of the person or persons in charge of the train as is the legal equivalent of willful or intentional wrong; and the mere failure to blow the whistle, or ring the bell, as required by statute (Code, § 1144), is not such negligence.

APPEAL from the Circuit Court of Hale.

Tried before the Hon. JAMES R. DOWDELL.

This action was brought by the appellee, James H. Kornegay, against the appellant railway corporation; and sought to recover damages for personal injuries, alleged to have been sustained on account of the negligence of the defendant's employès. Issue was joined on the plea of not guilty, and on the special plea of contributory negligence. All the facts attendant upon the accident are sufficiently set forth in the opinion. The first charge asked by the defendant, which is referred to in the opinion, was the general affirmative charge in favor of the defendant. There was judgment for the plaintiff; and the defendant, who brings this appeal, assigns the various rulings of the lower court as error. But it is not necessary to notice them in detail.

PETTUS & PETTUS, and A. M. TUNSTALL, for appellant, filed separate briefs, and contended that the lower court erred in not giving the general affirmative charge in favor of the defendant; and assigned, among others, the following reasons, with the following authorities: (1.) Contributory negligence is a defense to an action for damages for personal injury, even though the statutory requirements are not complied with.—*Letcher v. R. R. Co.*, 69 Ala. 106; *Copeland's Case*, 61 Ala. 377; *Gothard's Case*, 67 Ala. 114; *E. T., V. & G. Rwy. Co. v. King*, 81 Ala. 184. (2.) When the evidence as to contributory negligence is undisputed, the question of contributory negligence

*vel non* is a question of law for the decision of the court.—*L. & N. R. R. Co. v. Webb*, 90 Ala. 185; *Wilson v. L. & N. R. R. Co.*, 85 Ala. 269; *C. & W. Rwy. Co. v. Bradford*, 86 Ala. 574; *Bentley v. Ga. Pac. Rwy. Co.*, 86 Ala. 484. (3.) Before going upon a track of a railroad at a public crossing, or else-where, it is the duty of the person approaching the track to stop and look and listen; and if he does not do so, he is guilty of contributory negligence; and the mere failure to blow the whistle, or ring the bell, is not such wanton or reckless negligence on the part of the railroad as to overcome the contributory negligence of plaintiff.—*Leake v. Ga. Pac. Rwy. Co.*, 90 Ala. 161; *L. & N. R. R. Co. v. Webb*, 90 Ala. 185; *Gothard's Case*, 67 Ala. 114; *L. & N. R. R. Co. v. Crawford*, 89 Ala. 240; *Frazer's Case*, 81 Ala. 185.

GASTON A. ROBBINS, and A. H. BENNERS, *contra*, contended, (1) that contributory negligence was no defense to the present suit, and (2) that there was no contributory negligence on the part of the plaintiff; and on these two propositions cited the following authorities: *Gothard's Case*, 67 Ala. 114; *L. & N. R. R. Co. v. Crawford*, 89 Ala. 246; *O'Shields' Case*, 90 Ala. 29; *Watson's Case*, 90 Ala. 68; 1 Thompson on Negligence, 404; *Hart v. Erie R. R.Co.*, 5 Amer. Rep. 216; *Strong v. R. R. Co.*, 8 Amer. & Eng. R. R. Cases; *Sharp v. Glushing*, 96 N. Y. 676.

WALKER, J.—On the 5th day of March, 1889, one of the defendant's trains going East and another of its trains going West met at Van Dorn, a flag station on the defendant's road, and the regular meeting point of the two trains. At that place the defendant's main track and a side track run East and West, the side track being North of the main track. On the day mentioned the East bound train stopped on the main track, and the West bound train took the side track. When the two trains arrived, the plaintiff was at his nephew's house, about one hundred yards North of the point where a public dirt road crossed the two tracks. The plaintiff left that house for the purpose of going to see a person who was a passenger on the East bound train. When he got to the gate leading out of the yard in which the house stood, both of the trains had stopped. When the plaintiff reached the road crossing the engine attached to the West bound train was standing still across the dirt road; the plaintiff passed by the side of the engine and walked along in a westerly direction and parallel with the track, and about three or four feet from the track a distance of thirty or forty feet, and then turned and stepped

on to the side track in the direction of the East bound train, which was still standing on the main track. Just as plaintiff's foot touched the cross ties on the side track he was knocked down by the engine of the West bound train and both of his feet were bruised so that he was confined to his house for some time. Plaintiff did not, before stepping on the track, look back in the direction from which the train was approaching. There was testimony tending to show that the engineer of the West bound train did not sound the whistle or ring the bell before starting the engine after plaintiff passed it. When plaintiff was struck the engine was moving slowly and it was stopped after going eight or ten feet farther. The above stated facts were shown without contradiction. All the witnesses who were examined were introduced by the plaintiff. The evidence tended to show negligence on the part of the defendant in the failure of the person or persons in charge of the engine to sound the whistle or ring the bell. But it appears from the plaintiff's own testimony that he was guilty of negligence proximately contributing to the injury. It is plain that he undertook to cross the railroad track without stopping or looking or listening to ascertain if a train was approaching. He says himself that he did not stop or look. When he passed the engine it was standing still on a down grade. It appeared from the testimony that the engine could not have been put in motion without making a noise, which the plaintiff must have heard if he had been listening. He was injured just as he stepped on the track, and there was no proof tending to show that the person or persons in charge of the engine saw him in a position of peril in time to give him warning or to check or stop the engine or that there was anything to indicate to them that he would attempt to cross the track in front of the engine. The plaintiff was not in apparent danger until he turned and stepped on the side track. He was bound to look and to listen before attempting to cross the track. His neglect of this duty avoids his right of recovery in the absence of evidence tending to show that defendant was guilty of negligence so reckless or wanton as to be, in law, the equivalent of willful or intentional wrong.—*Louisville & Nashville R. R. Co. v. Webb*, 90 Ala. 185. The record does not disclose any such evidence. Plaintiff had placed himself in the position of danger and had been injured before the defendant or its employès had an opportunity to take measures to avert the casualty, and on the evidence, willfulness or wantonness could not be imputed to the defendant.

The Circuit Court erred in refusing to give the charge numbered 1 requested by the defendant.

Reversed and remanded.