# Anniston Pipe Works *v.* Dickey.

*Action by Workman against Employer, for Damages on Account of Personal Injuries.*

1. *Contributory negligence by workman: when overcome as defense.* Contributory negligence on the part of the plaintiff himself is a complete defense to an action to recover damages on account of personal injuries received by him while in the defendant's service, and alleged to have been caused by the negligence of a fellow workman in the same service; unless the evidence shows that his fellow workman acted so recklessly or wantonly as to raise the imputation of a willful or intentional injury; and to have this effect, there must be knowledge or consciousness on his part that injury would probably result from his conduct, or a failure to use every effort to avoid the accident when the peril became apparent.

APPEAL from the City Court of Anniston.

Tried before the Hon. B. F. CASSADY.

This action was brought by Wm. H. Dickey against the appellant, a private corporation, to recover damages for personal injuries received by plaintiff while in defendant's service; and was founded on the statute—Code, § 2590. The accident occurred on the 23d August, 1890, while the plaintiff, with other workmen, was engaged in removing on a hand-crane heavy bars or pipes, from a place on the ground where they were deposited by a steam-crane, which raised them from the pit where they were moulded, or cast, and, swinging around in an

arc, dropped them at a little distance, to be removed by the men using the hand-crane. The steam-crane was operated by one Callahan, and the plaintiff's claim was that the accident was caused by the negligence of Callahan in swinging his crane around too soon and too fast, whereby the bar which it was lifting struck plaintiff's hand-crane, and knocked the bar on it against plaintiff's foot and leg. The case being submitted to the court without a jury, judgment was rendered for plaintiff for $1,500; and this judgment is here assigned as error.

Knox & Bowie, for appellant.

Agee & Micou, contra.

McCLELLAN, J.—This cause was tried below without a jury, and the present appeal presents for review the conclusion of the court on the evidence.

The complaint contains three counts. The first count alleges negligence of the defendant in respect of a defect in certain machinery, a steam-crane, in consequence of which the injury complained of was inflicted. A very considerable preponderance of the evidence satisfies us of the non-existence of this alleged defect, or that, if it existed at all, it had not arisen from, or been allowed to continue unremedied in consequence of, the negligence of the defendant or any employé. Plaintiff can take nothing under that count, and it may as well be eliminated from further consideration.—*L. & N. R. R. Co. v. Davis*, 91 Ala. 487; 8 So. Rep. 552.

The second and third counts rely upon the alleged negligence of one Calahan, who was intrusted by the defendant with control of the steam-crane, in so operating it as to bring a heavy iron bar, which was being moved by it, in collision with another similar bar near which plaintiff was standing or working, with such force as to hurl this latter bar against the person of the plaintiff and crush his leg. There is no averment in the complaint that Calahan was a careless or reckless man, but only that he operated the crane on the occasion in question in a careless and negligent manner; nor is any claim made against the defendant on account of a want of care on its part in the employment and retention of Calahan; and, of course, the judgment below can not be rested on that ground. All that is said in argument of counsel, therefore, as to defendant's liability because of having employed an unfit person to operate the crane, is outside of the record.

The pleas are "not guilty," and plaintiff's contributory negligence. Conceding that Calahan was guilty of negligence,

but for which the injury would not have been sustained, we are of opinion from the evidence before us, that plaintiff was himself so negligent as to defeat a recovery by him, unless the conduct of Calahan was reckless or wanton, implying a willingness to inflict injury upon the plaintiff. Taking into consideration the uses of the steam-crane run by Calahan, and of the hand-crane run by plaintiff, the necessity, in the nature of the work to be performed by each, that the operation of the latter should be such as not to interfere with or impede the former, the length of time plaintiff had been in the particular service, the evidence of other witnesses that the steam-crane had the "right of way" over the hand-cranes, and that it was the duty of those running the hand-cranes to be on the lookout for, and keep out of the way of the steam-crane, plaintiff's own testimony, having reference to the time and place of the accident, that "he knew the crane was liable to come at any time, and pretty fast, too," &c.; we can not avoid the conclusion, that it was plaintiff's duty to be alert to apprehend the coming of the crane, and diligent to keep out of its way. Add to this the facts which we find from a preponderance of the evidence here, such preponderance as results from the weighing of the testimony of two witnesses without interest, as far as we know, against that of one witness, the plaintiff himself, that plaintiff was advised not to attempt to work at that point until the operation of the steam-crane there had ceased, which would have been in about ten minutes, and that he was warned of the approach of the crane at the time of the collision, in time to have safely gotten out of the way, and directed to do so, but made no effort to escape, though others, similarly exposed, did so without difficulty, &c., and we feel assured of a safe footing in reaching the conclusion, that the plaintiff himself was guilty of negligence proximately contributing to the result of which he now complains.—*Columbus & Western Railway Co. v. Bradford*, 86 Ala. 574.

To a recovery notwithstanding such negligence on the part of the plaintiff, it was essential to be shown that Calahan, with respect to running his crane against that operated by plaintiff, acted recklessly or wantonly in such sort as that the law imputes to him a willingness to inflict the injury, or an intention to do so. We have had occasion at this term to consider with much care the elements necessary in the constitution of that recklessness or wantonness which will neutralize and overcome the defense of contributory negligence. Our conclusion was, that knowledge of the probable consequences of the wrongful act was essential to the imputation of willfulness in respect to it; that there must be a consciousness on

[Anniston Pipe Works v. Dickey.]

the part of the person charged with misconduct, resulting in injury, that his conduct will necessarily or probably produce the harmful result complained of, before the law will impute to him a willingness to inflict the injury.—*Ga. Pac. Railway Co. v. Lee*, 92 Ala. 262; 9 So. Rep. 230; *Rich. & Dan. R. R. Co. v. Vance*, p. 144; *A. G. S. R. R. Co. v. Hill*, present term.

We find nothing in the evidence adduced in this case to justify the conclusion that Calahan was conscious the injury sustained by the plaintiff, or any injury to the plaintiff, would probably result, or that he had any cause to believe or anticipate that such injury would result, from the manner in which he operated the crane on the occasion in question. It is true the crane was moved rapidly, but not more so, it appears, than was usual, or than the exigencies of the service reasonably required. It seems to have been moved in that way for a considerable length of time, without casualty of any kind. It is also true that he must have known that plaintiff and others were near the point to which the crane was being moved; but, in view of the fact that, to his knowledge, those employés, including plaintiff, knew the crane was then being operated, and must have expected it to be swung back to that place at any moment, were required to keep a look-out for the crane and out of the way of it, had always previously done so, and could easily get out of the way at any time, he had no right to assume, and is not chargeable with reckless indifference to consequences in failing to assume, that plaintiff, in violation of his duty, would in this instance be and remain in a place of danger; and without such gratuitous assumption, it can not be said that he acted with a consciousness that the result complained of would ensue. Of course, if, after seeing that plaintiff continued in a position of peril, Calahan had omitted any effort calculated to avoid the collision, such omission would have been conscious wrong-doing on his part, of which such willingness to injure the plaintiff as would authorize a recovery notwithstanding the latter's negligence could be predicated.—*Ga. Pac. R. R. Co. v. Lee*, *supra; Tanner v. L. & N. R. R. Co.*, 60 Ala. 621. But the evidence is satisfying to the point that, as soon as plaintiff's peril became manifest, Calahan not only hallooed to him, but used every effort to stop the crane before it reached him, and in so doing broke the machine so that he lost control of it. The defense of contributory negligence is not overborne by proof of recklessness or wantonness on the part of Calahan. The judgment is, therefore, erroneous. It is reversed, and judgment will be here rendered for the defendant below.

Reversed and rendered.