# Highland Ave. & Belt R. R. Co. *v.* Maddox.

*Action for Damages for Injury to Property.*

1. *Contributory negligence.*—Where a person, driving a wagon with curtains closed, attempts to cross a street-railroad track without looking for a car at a point nearer than 75 yards from the crossing, and is struck by a car approaching him from behind, he is guilty of

[Highland Ave. & Belt R. R. Co. v. Maddox.]

such contributory negligence as will defeat his recovery, in the absence of wanton negligence on the part of the railroad company.

2. *Wanton negligence.*—The fact that defendant, at a point outside the city limits, was running its car at the rate of 15 miles an hour, and did not give any signal of approach, is not such wanton negligence as will entitle one who attempts to drive across its track without looking, to damages sustained by being struck by such car.

3. *Variance between complaint and proof.*—Where the complaint, in action for damages caused by a collision with defendant's car, alleges that the accident occurred within the city limits, and the proof shows that it happened beyond the limits, the variance is fatal.

APPEAL from Birmingham City Court.
Tried before the Hon. H. A. SHARPE.

This was an action brought by Matthew F. Maddox against the Highland Avenue & Belt Railroad Company, to recover damages for injuries to his horse and wagon, by a collision with the dummy engine on the line of defendant's road, alleged to have been caused by the negligence of the servants of the defendant. There was judgment for plaintiff and defendant appeals.

The facts of the case as shown in the testimony are sufficiently stated in the opinion of the court.

The defendant requested the court to give the following charges, and separately excepted to the court's refusal to give each of the charges as asked: (1.) "That there is no evidence in this case of wilful, intentional or reckless negligence." (2.) "That the cause of action set forth in the first count of the complaint as amended is barred by the statute of limitations." (3.) "That the cause of action as set forth in the second count of the complaint as amended is barred by the statute of limitations." (4.) "That if the jury believe all the evidence, they should find a verdict for the defendant." (5.) "That the evidence in this case shows that the place of the alleged collision was not in the city of Birmingham; and this constitutes a fatal variance which will prevent a recovery by the plaintiff on the complaint as amended."

ALEX. T. LONDON, for the appellant.

W. R. HOUGHTON, for the appellee.

HARALSON, J.—The evidence of Maddox, the only witness examined for the plaintiff, shows, that he was the driver of the delivery wagon, at the time it and the horse attached to it, were injured; that the accident occurred on 10th July, 1890, at 7 o'clock in the morning; that the place

[Highland Ave. & Belt R. R. Co. v. Maddox.]

of the accident was where Avenue C crosses 27th street, in their extensions, just outside the limits of the city of Birmingham; that he entered Avenue C to the east of 27th street, and drove in a trot, west, towards 27th street, where the road he was travelling crossed said street and the railroad track, which latter ran along said avenue until it reached said street, and there turned north; that the said road ran to and parallel with the dummy line track to 27th street; that when he was about 75 yards away from the crossing, he looked in both directions and saw no train approaching; that the wagon had curtains on the sides and in the rear, and they were down at the time; that he did not stop before driving on the railroad crossing; that the front wheels of the vehicle had gotten across the track, when the engine of the company ran against the rear of the wagon, and turned it over and injured it and the horse; that he was acquainted with the crossing, had passed it several times before, and that he was not aware of the approach of the train until it struck his wagon.

According to this statement, the driver was guilty of contributory negligence, which will prevent a recovery by plaintiff, unless it was overcome by the reckless, wanton or intentional negligence of the defendant, and such negligence was not shown by anything this witness stated. As we stated in *Lee's case,* 92 Ala. 262, "No principle is more firmly established in our jurisprudence, it may be said, than that which fastens upon persons about to go upon or across the track of a railway, under ordinary circumstances, the absolute duty of stopping and looking and listening for approaching trains," and this duty, as there held, is as incumbent on persons in vehicles as on foot; subject to a modification there stated, which has no application to this case.

Was there any other evidence in the cause which tended to show recklessness or wantonness on the part of defendant's employes, at the time, in the management of the train such as is the legal equivalent of wilful or intentional wrong?

There was evidence tending to show, that the defendant's train was running, at the time of the collision, about fifteen miles an hour, and that the whistle was not blown or the bell rung. The engineer and conductor of the train testified that it was moving five or six miles an hour. But no mere running at the highest rate of speed indicated, at a place like the one where this collision occurred, nor a failure to ring the bell or blow the whistle, or keep a proper lookout, is more than simple, as contradistinguished from reckless or wanton negligence. *Lee's* case *supra; E. T. V. & G.*

*R. Co. v. Kornegay*, 92 Ala. 228-; *Ensley R. Co. v. Chewning*, 93 Ala. 24.

The engineer of the train testified that the dummy train, consisting of an engine and two passenger cars, was going west, into the city, at the time of the collision ; that the curve where the railway turns, north, in 27th street, was a sharp one ; that he saw the wagon when he was 600 feet from the crossing, being driven along Avenue G. in the same direction the train was moving; that he slowed down his engine, as a matter of necessity, owing to the sharpness of the curve, and was running not more than 5 or 6 miles an hour when he reached the curve ; that there was no other road to the curve, except the one the wagon was going, and before reaching the crossing and a few feet from it, it stopped, and he did not further check his engine ; that when he was ten or fifteen feet from the wagon, the driver started across the track in front of him, and as soon as he saw the wagon start across, he applied his brakes, reversed the engine, and used all the means at his command, to stop, without avail before striking the rear of the wagon, and the locomotive did not run more than 25 or 30 feet from where he first applied his brakes and reversed the engine.

The conductor first saw the wagon, 15 or 20 steps from the crossing moving along beside the front of the train, going at the rate of three miles an hour, and the train six ; that the wagon got to the crossing, first, because it had the nearest route to go. He saw no more of the wagon, till he felt the brakes applied and the shock of the collision. There is no conflict in the statements of this witness and that of the engineer. The latter testifies that when the engine was in a few feet from the crossing, the wagon stopped, and the conductor says he last saw it 15 or 20 steps (from 45 to 60 feet) from the crossing.

The most we can say of this evidence, if it shows any negligence on the part of the employes of the company, is that it was simple negligence. There was, certainly, no element of recklessness or wantonness in it, and whether considered on the uncontradicted evidence of the plaintiff, or on that of defendant, the plaintiff was not entitled to recover.

The 1st and 4th charges requested by defendant and refused, should have been given. There was no error in refusing the other charges requested, except the 5th.

The 5th charge is to the effect that the place of the collision, as shown by the evidence, was not in the city of Birmingham, and, therefore, there is a fatal variance between the complaint as amended and the proofs.

[Baker v. Boon.]

The proof shows, that the accident occurred within about 40 feet of the eastern boundary of the city, in the centre of an avenue and street in their extension beyond the limits of the city of Birmingham. The complaint alleges that the accident occurred in the city of Birmingham. The variance was material.

Reversed and remanded.