# Louisville & Nashville Railroad Company *v.* Richards, *Admr.*

*. Action for Damages for Wrongfully Causing Death.*

1. *Contributory negligence.*—Where the facts, without conflict, show affirmatively that the plaintiff was guilty of negligence, which proximately contributed to his injury, the conclusion is one of law, and should be so pronounced by the court and not referred to a jury.

2. *Same; duty of persons crossing railroad track.*—It is the duty of persons intending to cross a railroad track at a public crossing or elsewhere. not being expressly or impliedly invited to cross, to look in every direction that the rails run, and to listen for approaching trains, and one who fails to perform this duty is guilty of culpable negligence.

3. *Same; excused only by intentionl wrong or its equivalent.*—If the plaintiff was guilty of negligence which proximately contributed to his injury, he cannot recover for the injury unless the evidence tends to show that the defendant was guilty of misconduct or negligence so wanton or reckless as to be the equivalent of intentional wrong.

4. *Same; general charge for defendant.*—Where in an action against a railroad company for the death of plaintiff's intestate, who was killed in the daytime on a crossing by being struck by the rear car of a train which was backing at the rate of from three to six miles per hour, it appeared that deceased's view of the train was unobstructed, and there was not only positive evidence that he did not look for approaching trains, but there was no fact from which a contrary conclusion could be inferred. and there was evidence that no signal bell was sounded, and that no brakeman was on the rear end of the train to keep a lookout; the court should have directed a verdict for defendant.

APPEAL from the Circuit Court of Cullman.

Tried before the Hon. H. C. SPEAKE.

Action by William Richards, administrator, against the Louisville & Nashville Railroad Company to recover for the death of plaintiff's intestate, caused by defendant's negligence.

The testimony was without conflict that, as one of defendant's work trains was moving backwards towards the north in the town of Cullman, at a speed variously estimated at from three to six miles per hour, the rear car of the train struck deceased, knocked him down, ran over him, and so injured

him that he died. The testimony showed that there was nothing to prevent deceased from seeing the approach of the train; that he went upon the west side of the track without looking up or down the track, and while either standing on the track, inattentive to the surroundings, or attempting to cross the same without looking to the right or the left, he was struck. There was some conflict in the testimony as to whether the whistle was blown or the bell rung, or whether a proper lookout was kept by the employes on the train.

J. M. FALKNER, and GEORGE H. PARKER, for the appellant.

W. T. L. COFER, for the appellee.

COLEMAN, J.—There are some principles of law applicable to suits brought to recover damages for injuries sustained in consequence of the negligence or intentional misconduct of others, which have been repeatedly declared by this court.

One of these is, that where the facts without conflict, show affirmatively that the plaintiff was guilty of negligence, which proximately contributed to his own injury, the conclusion is one of law, and should be so pronounced by the court, and not referred to a jury. Another familiar principle is, that it is the duty of travellers or persons intending to cross a railroad track, at a public crossing or elsewhere, not being expressly or impliedly invited to cross, to look in every direction that the rails run, and to listen for approaching trains, and one who fails to perform this duty is guilty of culpable negligence. Another is, that if the plaintiff was guilty of negligence, which proximately contributed to his injury, he can not recover for the injury, unless the evidence tends to show that the defendant was guilty of wilful misconduct or negligence so wanton or reckless as to be the equivalent of intentional wrong. We cite some of the many authorities in this State, which lay down these rules.—*M. & M. R. R. Co. v. Blakely*, 59 Ala. 471; *Gothard v. A. G. S. R. R. Co.*, 67 Ala. 114: *M. & C. R. R. Co. v. Copeland*, 61 Ala. 376; *E. T., V. & G. R. R. Co. v. King*, 81 Ala. 177; *Frazier v. L. & N. R. R. Co.*, *Ib.* 185; *Wilson v. L. & N. R. R. Co.*, 85 Ala. 269; *L. & N. R. R. Co. v. Webb*, 90 Ala. 185; *G. P. R. R. Co. v. Lee*, 92 Ala. 262; *E. T., V. & G. R. R. Co. v. Kornegay*, 92 Ala. 228, in some respects similar to the case at bar; *Anniston Pipe Works v. Dickey*, 93 Ala. 418, *Warden v. L. & N. R. R. Co.*, 94 Ala. 277; *Nave v. A. G. S. R. R. Co.*,

[Louisville & Nashville R. R. Co. v. Richards, Adm'r.]

96 Ala. 264; *L. & N. R. R. Co. v. Hurt*, 13 So. Rep. 130; *Stringer v. Ala. Min. Rwy. C.*, 99 Ala. 397.

There is not only positive evidence to the effect that plaintiff's intestate did not look for approaching trains, but there is no fact in the present record from which a contrary conclusion could be inferred. The injury occurred about 11 o'clock a. m. The evidence shows there was no obstruction to the view, and that the train was not backing at a greater rate of speed than from three to six miles per hour, and stopped a little more than thirty feet from the place of collision.

Under the undisputed evidence, the court should have instructed the jury, as matter of law, that plaintiff's intestate was guilty of contributory negligence.—*Warden's Case*, 94 Ala. 277, *supra.; L. & N. R. R. Co. v. Hurt*, 13 So. Rep. 130; *Stringer's Case*, 99 Ala. 397, *supra*.

It is equally clear from the record, that defendant was not guilty of wilful wrong, or of such wanton or reckless negligence as to be the equivalent of intentional wrong. There is no evidence tending to show actual knowledge on the part of those in charge of the train of the perilous position of plaintiff's intestate, nor any facts testified to which would impute to them a consciousness of his peril. All the evidence for plaintiff on this point is, that the deceased was killed at a public crossing in the town of Cullman, that the train was backing at the rate of from three to six miles per hour, that no signal bells were being sounded, and that there were no brakemen on the approaching end of the train to keep a lookout. Conceding that the jury would accept as true this phase of the evidence, and it establishes but simple negligence. The proof falls far below that which is necessary to show actual knowledge of peril, or a state of facts from which a jury would be authorized to impute knowledge to the person in charge of the train, of the dangerous position of deceased at the time and place of the injury. See *Webb v. L. N. R. R. Co.*, 97 Ala. 308; *Stringer's Case, supra*. The defendant was entitled to the general charge upon all the evidence.

Other questions arising upon the charge of the court and rulings upon the pleadings are discussed, but we deem it unnecessary to consider them. None of them are new, and it is not probable that either will arise on another trial.

Reversed and remanded.