Lopez v. American R. Co.

# PEDRO LOPEZ IN REPRESENTATION OF HIS MINOR SON, ARMANDO LOPEZ, Plff.,

*v.*

# AMERICAN RAILROAD COMPANY OF PORTO RICO, Dft.

---

San Juan, Law, No. 1133.

### ON MOTION TO DIRECT AN INVOLUNTARY NONSUIT.

Contributory Negligence.

    1. The failure of a railroad company to give the necessary signals of warning at a crossing does not relieve one approaching the crossing from the duty to stop, look, and listen, and if he does not do so he is guilty of contributory negligence.

Railroad Crossing—Rights of Traveler.

    2. There are certain cases in which a traveler has a right to assume that he can make a crossing, but there is not such a case when the traveler is himself at fault in not taking the proper precautions, and the principle of stop, look, and listen is now so general that it will be considered as applicable in Porto Rico.

Opinion filed December 13, 1916.

---

*Mr. E. B. Wilcox* for plaintiff.

*Mr. F. H. Dexter* for defendant.

---

NOTE.—Authorities discussing the question of failure of railroad company to give customary signals as excusing nonperformance of duty to stop, look, and listen, are collated in a note in 3 L.R.A. (N.S.) 391.

On liability of railroad company for injury to bicyclist at railroad crossing, see notes in 47 L.R.A. 301, and 42 L.R.A. (N.S.) 158.

Lopez v. American R. Co.

HAMILTON, Judge, delivered the following opinion:

At the time of the adjournment of court yesterday a motion was pending to direct an involuntary nonsuit because, under the evidence in this case, it is apparent that the evidence of the plaintiff himself is of such a character as to demonstrate contributory negligence, and that no proper damages have been proved.

It is always my preference to let a case go to the jury so as to let the responsibility of decision on a matter of fact rest upon the jury. There are, however, certain cases provided by law that make it the duty of the court, and not of the jury, to pass upon such cases; and I would have no more right to refuse to do what is incumbent upon me, than the jury would have to refuse to do what is incumbent upon them.

In this particular case I will eliminate the part of the motion which refers to damages. I am not at all sure that that part is well taken. There seems to me to be enough as to damages for the jury to consider, that is, as to whether they exceeded $1,000 or not.

The first point is of a different character, and that I think I have to consider. The evidence of the plaintiff in this case, as I understand it,—and this motion was made at the close of the plaintiff's case,—is that he was on a mortorcycle going towards a railroad track. He had lived in this vicinity a long time and knew that there was a railroad there. He was not certain whether the train had passed or not. He had been going at the rate of about 30 miles an hour, and about 300 feet from the railroad track he slowed down to 10 or 12 miles an hour and did make an attempt to listen and to look, but it is perfectly

Lopez v. American R. Co.

clear from his evidence that he did not stop. He did not hear anything, whether or not because of the noise of his motorcycle, and he went on. He and the train got to the crossing at the same time. In point of fact he ran into the train, that is to say, the engine had passed and it was the tender with which he came in collision. Now, under those facts it is also true,—I do not know what might be proved later,—but there is no evidence that the engineer blew his whistle except at the station a few minutes before when he left, or a few seconds before, perhaps, when he was leaving. There is no evidence that he blew the whistle or rang the bell for this crossing.

1. The question comes up, What is the duty of the court under this state of facts? If this establishes contributory negligence, it is the duty of the court to take the case from the jury; that is to say, there would be nothing to go to the jury. It would be a matter for the court, and not for the jury. Upon the facts above stated it would seem that there was negligence on both sides; that is to say, that the railroad did not observe its statutory duty of blowing the whistle, and that the plaintiff did not observe his common-sense duty of stopping. And the law as laid down in Chicago, R. I. & P. Co. v. Houston, 95 U. S. 697, 24 L. ed. 542; Schofield v. Chicago, M. & St. P. R. Co. 114 U. S. 615, 29 L. ed. 224, 5 Sup. Ct. Rep. 1125; and Louisville & N. R. Co. v. Richards, 100 Ala. 365, 13 So. 944, 11 Am. Neg. Cas. 105, and elsewhere, is that the failure of the railroad company to observe the signals or to make the signals would not exempt the plaintiff from his duty to stop, look, and listen. That being so, it is my opinion that the plaintiff was guilty of contributory negligence, and therefore, it is not a question

Lopez v. American R. Co.

for the jury. If we went on with the case, I should have to set aside a verdict if a verdict was rendered for the plaintiff.

2. There are certain cases in which a traveler has a right to assume that he can make the crossing. Elliott, Railroads, § 1161. This cannot be, however, when the traveler is himself at fault in not taking proper precautions. The principle of stop, look, and listen is now so general that it may be considered a part of railroad law. This is true in the United States, and no reason is perceived why it should not be true in a territory of the United States. While Porto Rican railroads from the necessity of the case cannot connect with those of other states or territories, this court should follow the principles which obtain in other Federal courts where interstate commerce has become of such importance as almost to create a Federal practice as to negligence.

This motion is granted under the principles found in 38 Cyc. 155 et seq., and also in rule 52 of this court, giving the defendant at the close of the plaintiff's evidence the choice of direction of verdict, motion for a nonsuit, and striking out plaintiff's evidence. He has elected the involuntary nonsuit, and the motion is granted in that form.

Gentlemen of the jury, under the state of the case as now presented, the duty is incumbent, as I said just now, upon the court, and not upon the jury. All the responsibility is upon the court. I have directed the clerk to enter an involuntary nonsuit. That being so, there is nothing further for you to consider, and you are discharged from this particular case, and you will please retire to the body of the house.