# Woodward Iron Co. v. Andrews.

*Action by Employè to recover Damages for Personal Injuries.*

1. *Pleading; error in overruling demurrer to count of complaint without injury, when affirmative charges given on said count.*—The overruling of demurrers to certain counts of a complaint, if erroneous, is error without injury, if the court subsequently gives the general affirmative charge for defendant on each of such counts.

2. *Same; contributory negligence; when sustaining demurrer to pleas setting it up not prejudicial to defendant.*—Where in an action by an employé against his employer to recover damages for personal injuries, sustained by reason of the negligence of defendant or of its other employés, the defendant files special pleas setting up as a bar to recovery contributory negligence on the part of plaintiff, alleging the facts showing such negligence arising from danger incurred by plaintiff at the time of his injury, it is no prejudice to the defendant to be forced, by reason of demurrers to its special pleas being sustained, to amend

[Woodward Iron Co. v. Andrews.]

each of them by adding an averment to the effect that the danger, described in the pleas and which it was averred therein the plaintiff voluntarily incurred and in consequence suffered the injuries complained of, "was so great that a man of ordinary prudence would not have incurred it;" since, in order to make the defense of contributory negligence good, it was upon the defendant to show that a man of ordinary prudence and care would not voluntarily have acted as plaintiff did in the particular instance, and, therefore, by the averment, added by amendment, the defendant lost nothing, nor were new burdens of proof put upon it.

3. *Evidence; when error without injury to exclude particular words used.*—In an action by an employé against his employer to recover damages for personal injuries caused by a collision on defendant's railroad, when the issue was whether the engineer in charge of defendant's engine, which was in the collision, sounded the whistle of his engine at the time and place of the accident, and two of the witnesses testify that they heard the whistle then and there, and that one of them called the other's attention to the blowing of the whistle at the time, the particular words used by such witness, in calling the attention to the sounding of the whistle are immaterial, and the exclusion of evidence as to the particular words used, if error at all, is error without injury.

4. *Negligence of section foreman; when actionable.*—When a section foreman, with his track hands, boards a hand-car, and coming into the defendant company's yard, runs his hand-car along a track on which the company's switch or yard engine is accustomed to be running at all times, without regard to schedule, and which track at the time is so covered and obscured by smoke, as is often the case, that a train or engine can not be seen coming into the smoke from the opposite direction, and without stopping to see whether an engine or train is coming from the opposite direction, or without sending a flagman ahead of the hand-car to avert or prevent any danger that might arise therefrom, said foreman continues through the smoke at a rapid rate of speed, and there results a collision with a switch engine causing personal injuries to the section men on the hand-car, such foreman is guilty of negligence, for which the company is liable at the suit of those injured.

5. *Negligence; Employers' Liability Act; when employé does not assume risk.*—In an action by an employé against an employer to recover damages for personal injuries received while in defendant's service, where the plaintiff in separate counts of the complaint counts upon the negligence of one to whom defendant had entrusted superintendence, while in the exercise of such superintendence, and of a person in the employment of defendant to whose orders he was bound to conform and did conform, and of a person in the employment of defendant and who was in charge and control of an engine, cars, &c., under sub-divisions 2, 3 and 5, respectively, of the Employers' Liabil-

[Woodward Iron Co. v. Andrews.]

ity Act (Code of 1886, § 2590), the plaintiff does not, and can not be held, to assume the risk incident to the negligence of either of the persons described in the respective counts.

6. *Same; when contributory negligence not shown; exercise of judgment by employé.*—When by the negligence of an employer, or those for whom he is responsible, an employé is suddenly placed in a position of extreme peril, and thereupon does an act, or omits to do an act, which under the circumstances then pending and known to him he might reasonably think proper, but which those who have a knowledge of all the facts, and time to consider them, are able to see was not in fact the best, upon an injury resulting to such employé, it can not be said that under the circumstances said employé was, as a matter of law, guilty of negligence which proximately contributed to his injury.

7. *Same; when contributory negligence a question for the jury and not the court; case at bar.*—In an action by an employé against his employer to recover damages for personal injuries, the following facts were shown: The plaintiff was a section man on defendant's railroad, and under the direction of the section foreman, to whose orders he was bound to conform, he helped to propel a hand-car over a portion of defendant's track covered by dense smoke which so obscured the track as to prevent trains coming from the opposite direction being seen. The hand-car while being so propelled through the smoke collided with a switch engine, and plaintiff was thereby injured. The usual precaution and care of sending a flagman ahead through the smoke had not been taken by the section foreman, and the switch engine was liable and likely to be on the track at that point at any time. Plaintiff did not realize the danger until just before entering the smoke, but he did not ask the foreman to stop the car. The brake by which the car could have been stopped was where plaintiff could not reach it, and was under control of another employé, and the speed of the car made jumping therefrom greatly dangerous. *Held:* That the question of whether plaintiff was guilty of contributory negligence by his omission to ask the foreman to stop the car to allow him to get off, or to take precautions against collision in the smoke, was for the jury; since, under the circumstances it could not be said as matter of law that he was guilty of contributory negligence.

APPEAL from the City Court of Birmingham.

Tried before the Hon. WILLIAM W. WILKERSON.

This action was brought by the appellee, James Andrews, against the appellant, the Woodward Iron Company, to recover damages for personal injuries, alleged to have been caused by reason of the defendant's negligence.

The complaint contained seven counts. The first count of the complaint alleges the corporate character and business of defendant, and that plaintiff was in its

employment as a track hand on its railroad and was discharging the duties of his said employment, on the 11th day of January, 1894, when he was injured. That on one side of defendant's railroad track, and within a few feet thereof, there was then and there a continuous line of coke ovens, between 150 and 250 yards long, operated by defendant, and that the smoke from said ovens, when it was being blown by the wind towards said track, was so dense that one on said track and opposite to said ovens could not see an engine, car or train of cars approaching him on said track from the opposite direction, in time to avoid being injured by the same. That on the day and year aforesaid, while plaintiff was employed by defendant as aforesaid, and was discharging the duties required of him in said employment, it became and was necessary for him in discharging his duties, to go on a hand-car with other employés of defendant, on said railroad track from defendant's coal mine to its furnaces, and that while he was on said hand-car, and was passing by and opposite to said coke ovens, and the smoke was being blown by the wind towards said track, and was so dense that an engine and train of cars approaching them from the opposite direction could not be seen by them in time for them to avoid being injured by the same, an engine and train of cars of defendant propelled by steam and coming from the opposite direction, without any signal of its approach being given by ringing the bell, blowing the whistle or otherwise, struck said hand-car, with great force and violence, and thereby injured plaintiff, to his damage, &c. In this count it is alleged that plaintiff's injuries were caused by the negligence of the engineer in charge of said engine, in running said engine and train along and opposite to said coke ovens and through said smoke, without giving any signals of its approach by ringing the bell or blowing the whistle or otherwise, and that said engineer was then and there in the employment of the defendant and had charge of said engine.

The second count of the complaint is like the first, except that it alleges, that at the time of the injuries, the hand-car, plaintiff and other employés were all under the superintendence of one J. V. Neal, who was in the service of defendant and intrusted by it with such superintendence and was in the exercise of such super-

[Woodward Iron Co. v. Andrews.]

intendence, and that the injuries were caused by the negligence of said Neal, in causing said hand-car to be run on said track opposite to said ovens, and into said smoke, without stopping to look, and without taking any precaution whatever, to ascertain whether or not an engine or train of cars was approaching from the opposite direction.

The third count is like the second, except that it alleges that at the time of the injuries, the hand-car, plaintiff and other employés were in charge of and under the control of one Neal, &c., and that the injuries were caused by his negligence, in causing said hand-car to be run on said track, opposite to said ovens and into said smoke, without stopping, &c.

The fourth count is like the first, except it alleges that the injuries were caused by the negligence of persons in charge of said engine and train, &c., in running the same backwards on said track, and through said smoke, without giving any signal, &c.

The fifth count is like the third, except that it alleges that the injuries were caused by the willfulness and wanton negligence of said Neal, who had charge and control, &c.

The sixth count is like the third, except that it alleges that at the time the injuries were received, plaintiff and the other employés were under the orders and direction of said Neal, &c., and that the injuries resulted from plaintiff having conformed to his orders, &c.

The seventh count is like the first, except that it alleges that the injuries were caused by the wanton negligence of the engineer in charge of said engine, &c.

Defendant demurred separately to the seventh count and to the fifth count of the complaint, and its demurrers were overruled.

The defendant pleaded the general issue and several special pleas, in which there was set up the defense of contributory negligence on the part of the plaintiff, in that he remained on the hand-car after the danger and peril were imminent, and thereby voluntarily submitted himself to such danger. To each of these pleas the plaintiff demurred, which demurrer was sustained, except as to the plea to the sixth count. Thereupon the defendant amended each of his pleas by inserting therein the averment: "That the danger was so great that a

[Woodward Iron Co. v. Andrews:]

man of ordinary prudence would not have incurred it;"
and the same demurrers refiled to each of said pleas, as
amended, were overruled.    Issue was joined on the gen-
eral issue and said special pleas as amended.

The testimony for plaintiff shows that on the 11th of
January, 1894, he was in the employment of defendant
as a track hand on its railroad, and that in discharge of
the duties of his employment he was coming with other
hands, in charge of and under the orders and superin-
tendence of J. V. Neal, who was in the employment of
defendant, on a hand-car of defendant, and on its rail-
road track from Dolomite to defendant's furnace.    That
near the furnace there was a line of coke ovens along the
side of its railroad track and not more than three or four
yards from it, and about 200 or 250 yards long; that the
smoke from the ovens was being blown by the wind
across the railroad track, and was so dense, that one
could not see through it.    That the hand-car was run-
ning rapidly—faster than a man could run—and when
it got about half way between the upper and lower end
of the coke ovens, it was struck with great force and
violence, by a car of defendant being propelled ahead of
a locomotive engine; that on account of the density of
the smoke, plaintiff did not see the car or engine till it
was right at him, and he could not do anything before
he was struck senseless; and that he did not hear any
bell ring or whistle blow, or the engine, and that out of
the five men on the hand-car only two escaped with their
lives.

The evidence for the defendant tended to show that
Ritchie, who was the engineer of the train that struck
the hand-car, blew his whistle as he entered the cloud of
smoke, which hovered over the track; and just as he was
emerging therefrom.    The evidence was conflicting as
to whether it was the custom of the foreman of the squad,
of which the plaintiff was one, to take precautions
against engines and trains coming through the smoke
in an opposite direction, by sending flagmen ahead.

During the examination of one Donehoo as a witness,
he testified that he heard Ritchie, the engineer, blow
the whistle just before the accident complained of oc-
curred, and that he and one Woodward, who was also
in the employ of defendant, were standing together, and
commented upon the blowing of the whistle by Ritchie,

Thereupon the witness was asked by the defendant: "What Woodward said to him about Ritchie blowing the whistle?" The plaintiff objected to this question, the court sustained the objection, and the defendant duly excepted. The other facts of the case are sufficiently stated in the opinion.

Upon the introduction of all the evidence, the defendant requested the court to give the general affirmative charge in his behalf, upon each of the counts. The court gave the general affirmative charge as to the fifth and seventh counts of the complaint, and refused to give it as to the other counts ; and to the refusal to give each of these charges, as asked, defendant separately excepted. Thereupon the defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked : (8.) "If the jury believe the evidence, they must find for the defendant upon the plea of contributory negligence." (12.) "If the jury believe from the evidence that, at the place where plaintiff received his injuries, the defendant's railroad was obscured by smoke ; that it was within the yard limits of defendant's furnace ; that at all hours of the day it was usual for engines to be switching cars from the main track onto the side track, including the coke oven tracks ; that the plaintiff knew these facts, and also knew that it was usual and customary for the foreman of the hand-car when coming to the furnace from the direction of Dolomite to stop said car before entering the smoke, and to send a flagman ahead for protection against a collision with an engine or train on said track, and that in this instance no such precaution was observed, and nothing was said to J. V. Neal about stopping the hand-car, or about stopping and letting plaintiff get off of the car, but the plaintiff voluntarily rode on into said smoke, without asking said Neal to let him off of said car, and without making any effort to avoid the danger of riding through said smoke ; then the court charges you as a matter of law that plaintiff was guilty of negligence therein." (16.) "If the jury believe from the evidence that, at the place where the plaintiff received his injuries, the track of defendant's railroad was obscured by smoke ; that it was within the yard limits of defendant's furnace ; that at all hours of the day it was usual for engines to be

[Woodward Iron Co. v. Andrews.]

switching cars from the main track on to the side tracks, including the coke oven tracks ; that the plaintiff knew these facts, and also knew that it was usual and customary for the foreman of the hand-car when coming to the furnace from the direction of Dolomite to stop said car before entering the smoke, and to send a flagman ahead for protection against collision with an engine or train on said track ; and that in this instance no such precaution was observed, and nothing was said to J. V. Neal by plaintiff about stopping the hand-car, or about stopping it and letting the plaintiff get off of the car, but that plaintiff voluntarily rode on into said smoke, when it was obviously dangerous for him to do so, then the court charges you that the plaintiff was guilty of negligence therein.''

There were verdict and judgment for the plaintiff, assessing his damages at $1,500. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

JAMES E. WEBB, for appellant.—1. The court erred in overruling the defendant's demurrers to the fifth count, as amended, which constitutes the first assignment of error. The negligence with which the defendant is charged in the fifth count is that Neal wantonly, recklessly and negligently caused said hand-car to run into said smoke and that plaintiff's injuries were caused by the wantonness, recklessness and negligence of said Neal. In one count, the pleader has embraced a charge of wanton injury, and also of negligence. Wanton or willful and intentional injury cannot be united in one and the same count of the complaint.—*Verner v. A. G. S. R. R. Co.*, 103 Ala. 574 ; *K. C., M. & B. R. R. Co. v. Crocker*, 95 Ala. 412 ; *L. & N. R. R. Co. v. Markee*, 103 Ala. 160 ; *Stringer v. Ala. Min. R. R. Co.*, 99 Ala. 397. The averment that Neal was guilty of recklessness and negligence, as well as of wantoness, is an averment of willful injury and simple negligence. Authorities *supra*.

2. The court erred in sustaining the demurrers to the pleas numbered 2, 3, 4, 8 and 9. The question presented by such ruling is, whether the facts averred show *per se*, that the defendant was guilty of negligence. The objection urged to each of those pleas was that they did not contain an averment that the danger was so

[Woodward Iron Co. v. Andrews.]

great that a man of ordinary prudence would not have incurred it. After an amendment containing that averment was inserted, the court overruled the demurrer to each of said pleas. It was not a question for the jury to decide, the facts averred being established, but for the court to say whether or not the action was negligent. *R. & D. R. R. Co. v. Hammond*, 93 Ala. 184. The facts averred in each of the pleas to which the demurrers were sustained show that it was obviously dangerous for the plaintiff to ride into and through the smoke, without some precaution being taken to protect those on the hand-car from collision with trains; and custom can not excuse such negligence.—*Andrews v. Bir. Min. R. R. Co.*, 99 Ala. 440; *Warden v. L. & N. R. R. Co.*, 94 Ala. 277; *L. & N. R. R. Co. v. Stutts*, 105 Ala. 368; *K. C., M. & B. R. R. Co. v. Burton*, 97 Ala. 258; *Smith v. Car Works*, 60 Mich. 509; Bailey's Master & Servant, 163, 164, 181.

3. The court erred in sustaining plaintiff's demurrer to the 10th plea. The plea avers all the facts necessary to show that the danger was obvious, and that it was so great that an ordinarily prudent man would not have incurred it.—*L. & N. R. R. Co. v. Webb*, 90 Ala. 185; *Ga. Pac. R. Co. v. Lee*, 92 Ala. 271; *R. & D. R. R. Co. v. Hammond*, 93 Ala. 184.

4. The court erred in refusing to allow the witness Donohoo to tell what A. H. Woodward said to him about Ritchie blowing the whistle at the time the whistle was blowing. It was a part of the *res gestae*; it was not a warranty of a past event. The question raised by the averments of negligence made in the first and fourth counts was that Ritchie did not blow the whistle. Anything that occurred, or that was said, at the time of the blowing, having reference to it, was a part of the *res gestae*, and as such admissible.—*L. & N. R. R. Co. v. Pearson*, 97 Ala. 215; *R. & D. R. R. Co. v. Hammond*, 93 Ala. 185; *A. G. S. R. R. Co. v. Hawk*, 72 Ala. 117; *Leahey v. R. R. Co.*, 10 Amer. St. Rep. 300; *Kleiber v. People's R. Co.*, 17 S. W. Rep. 946; *Bragg v. Massie*, 38 Ala. 89; *People v. Vernon*, 95 Amer. Dec. 53, note; 1 Greenl. on Evidence, § 108.

5. The court erred in giving the general affirmative charge requested by the defendant, instructing the jury that the plaintiff was guilty of contributory negligence.

[Woodward Iron Co. v. Andrews.]

The plaintiff did not deny that the custom was generally to stop and flag in, but he sought to excuse not doing so by trying to show that the car was immediately behind the coal train. This is his only excuse. If the custom did not exist, and was not binding, then Neal was not negligent; and defendant's general charge on 2d, 3d, 4th and 6th counts should have been given. If Neal was negligent, it was because the danger was obvious to him who had only been in the position one week. Custom can not excuse negligence.— *Warden v. L. & N. R. R. Co.*, 94 Ala. 277; *Andrews v. Bir. Min. R. R. Co.*, 99 Ala. 440.

LANE & WHITE, *contra.*—1. The demurrers to the defendant's special pleas were properly sustained. The facts stated in none of these pleas were sufficient to constitute contributory negligence. The amendment to these pleas, to-wit, "that the danger was so great that a man of ordinary prudence would not have incurred it," was necessary to charge contributory negligence on the part of appellee under each and every count of the complaint.—*R. R. Co. v. George*, 94 Ala. 199; *R. R. Co. v. Walters*, 91 Ala. 435; *R. R. Co. v. Orr*, 91 Ala. 548; *Wilson v. R. R. Co.*, 85 Ala. 269; *R. R. Co. v. Holborn*, 84 Ala. 133; *Eureka Co. v. Bass*, 81 Ala. 200; Wood's Master & Servant, (2d ed.), §§ 385, 387; *Patterson v. R. R. Co.*, 76 Pa. St. 389, s. c. 18 Amer. Rep. 412; 4 Amer. & Eng. Encyc. of Law, 845, 846, note; 848, note.

It is not contributory negligence, *per se*, or as matter of law, to engage in dangerous work, and either of said pleas deny the negligence of the engineer or of the foreman of the hand-car, or avers facts that show contributory negligence on the part of the plaintiff. Dangerous work must be done in a negligent manner to constitute contributory negligence.—*R. R. Co. v. Holborn*, 84 Ala. 133; 14 Amer. & Eng. Encyc. of Law, 869. Assuming risk by an employé, does not relieve the employer from exercising reasonable care. If the risks are enhanced by his negligence or that of his superintendent, the employer is liable.—*Flynn v. R. R. Co.*, 47 Amer. Rep. 99; *Wedgwood v. R. R. Co.*, 41 Wis. 478; 14 Amer. & Eng. Encyc. of Law, 855, note. The statute, Code of 1886, § 2590, abrogates the common law rule about the em-

ployè assuming known and ordinary risks, when injury is caused by the negligence of any of the persons named in the statute.—*R. R. Co. v. George*, 94 Ala. 218 ; *Wilson v. R. R. Co.*, 85 Ala.· 269.

2. Every count of the complaint shows that the ·hand-car was in motion when plaintiff was injured.; and as alleged in the demurrer, neither of these pleas shows how he could have stopped it or gotten off with safety, or how he voluntarily submitted to the alleged danger. For these causes, these pleas are demurrable.—Wood's Master & Servant, § 387 ; *R. R. Co. v. Crocker*, 95 Ala. 412. Mere knowledge of danger, without opportunity to act, is not negligence.—*R. R. Co. v. Bridges*, 86 Ala. 448 ; *Wilson v. R. R. Co.*, 85 Ala. 269 ; *Seaboard Manufacturing Co. v. Woodson*, 94 Ala. 143 ; s. c. 89 Ala. 378 ; *Rush v. R. R. Co.*, 28 Amer. & Eng. R. R. Cas. 484.

3. It is alleged in four counts of the complaint, and no where denied, that plaintiff was acting in charge of and under the orders and superintendence of a superior in the employment of defendant. An employè in such case does not act voluntarily. Without negligence, he may rely on the judgment of his superior and obey his orders. He is not required to set up his judgment against that of his superior. And if injured, the employer is liable, unless the danger is such that a man of ordinary prudence would not have incurred it.—Wood's Master & Servant, (2d ed.), § 387 ; *Ib.* § 358 ; Cooley on Torts, (2d ed.), §§ 355, 356 ; *R. R. Co. v. Burton*, 97 Ala. 240, 254 ; *Hawley v. R. R. Co.*, 82 N. Y. 370 ; *Devlin v. R. R. Co.*, 87 Mo. 545, s. c. 28 Amer. & Eng. R. R. Cas. 524 ; *Patterson v. R. R. Co.*, 18 Amer. Rep. 415 ; *Flynn v. R. R. Co.*, 47 Amer. Rep. 99 ; 14 Amer. & Eng. Encyc. of Law, 855, 857 ; *Lewis v. Montgomery*, 16 So. Rep. 34.

3. It was the duty of appellant to make and enforce rules and regulations for the conduct of its business, for the protection of its employés, not only to make them, but to see to it that they were observed.—*R. R. Co. v. Richardson*, 100 Ala. 232 ; *R. R. Co. v. Bridges*, 86 Ala. 448 ; *R. R. Co. v. McDaniels*, 107 U. S. 454 ; *Railway Co. v. Taylor*, 18 Amer. Rep. 626 ; *R. R. Co. v. George*, 71 Amer. Dec. 239 ; 14 Amer. & Eng. Encyc. of Law, 886.

4. The testimony· as well as common knowledge teaches that it was the duty of the foreman to control

[Woodward Iron Co. v. Andrews.]

the movements of the hand-car and the hands, and to look out for danger ahead, and thereby protect the hands at the lever, and for the hands to obey his orders, and to submit to his judgment, directions and authority, unless the known danger of doing so, was so great that a reasonably prudent man would not do it.—*R. R. Co. v. Hammond*, 93 Ala. 181; *R. R. Co. v. Crocker*, 95 Ala. 402; *R. R. Co. v. Dusenberry*, 98 Ala. 239; 14 Amer. & Eng. Encyc. of Law, 855 and note.

5. Whether or not the danger was such that a man of ordinary prudence would not have incurred it, and whether or not appellee was negligent in remaining in the service, were questions for the jury.—*Eureka Co. a. Bass*, 81 Ala. 200; Wood's Master & Servant, (2d ed.), 389; *Patterson v. R. R. Co.*, 18 Amer. Rep. 412; *Hawley v. R. R. Co.*, 82 N. Y. 370.

McCLELLAN, J.—Two abstracts have been filed in this case. The first presented no question in such a way as that it could be reviewed by the court. That one, it appears, was withdrawn, and another properly presenting the rulings sought to be revised was filed. But a copy of the first one was left in the record, and was supposed by the court to be the abstract upon which the cause was submitted, the fact that another had been filed not being known to the court; and upon this original abstract the judgment below was affirmed on the ground that nothing for review was shown by the abstract. On an application for rehearing, however, this mistake is called to the attention of the court. A rehearing is ordered; and we shall proceed to a consideration of the case as presented by the second abstract.

If the court erred in overruling the demurrer to the 5th and 7th counts, the error was without injury to the defendant since the general affimative charge was given for the defendant on each of these counts.

The appellant can take nothing on account of the action of the trial court in sustaining demurrers to several special pleas interposed by the defendant. These pleas were intended to set up contributory negligence on the part of the plaintiff as a bar to each of the several counts. Whether they were severally good or bad, it did not prejudice the defendant to have to amend each of them by adding an averment to the effect that the

danger, described by the pleas, and which it was alleged the plaintiff voluntarily incurred and in consequence suffered the injuries of which he complains, *was so great that a man of ordinary prudence would not have incurred it.* The statement of this conclusion upon the facts laid in the pleas, or of this characterization of the danger, if it is to be so considered, did not impose any additional burden on the defendant. With or without this additional averment, it was upon the pleader to show a situation of such danger that the plaintiff was wanting in ordinary care in dealing with it, or, in other words, that a. man of ordinary care and prudence would not have voluntarily acted as plaintiff is alleged to have acted in respect of it. So that, as the defendant lost nothing, nor was in anywise additionally burdened by being put to this amendment, and as the amendment was made and the pleas with this averment in them were sustained by the court, and a trial had upon them in which defendant had the full benefit of everything. that could have been of advantage to him under the original pleas, it is manifest that these rulings, whether correct or not, did not prejudice it.

If it be conceded that the proposed evidence of Donohoo as to what Woodward said· to him about Ritchie's blowing the whistle should have been received, the error of its exclusion could not have prejudiced the defendant. The issue was simply whether Ritchie sounded the whistle of his engine at that time and place. Both Donohoo and Woodward testified affirmatively to the fact and described the blowing, and both testified further that the latter called the former's attention to the fact while the whistle was being sounded. We are unable to see that proof of the particular words used by Woodward in calling Donohoo's attention to the blowing could possibly have benefitted the defendant in any way.

Applying the law declared in the case of *Woodward Iron Co. v. Herndon, ante,* p. 191, to the facts of this case, the conclusion must be that Neal, the foreman of the trackmen, of whom plaintiff was one, and in charge and control of the hand-car which collided with the yard or switch engine in the smoke, where Neal was killed and plaintiff received the injuries for which he now sues, was negligent in attempting to the run hand-car

[Woodward Iron Co. v. Andrews.]

through the smoke without taking precautions against engines and trains coming through the smoke from the opposite direction. The evidence in that case (which is an action by Neal's personal representative for damages resulting from his death) differs from what is shown here in this particular : that there is no evidence here as to the customary speed of the engine which collided with the hand-car, or to the effect that its rate of speed was greatly in excess of the usual and customary rate on the occasion of the collision, while there was evidence in that case of these facts ; and because of that evidence it was there held that it was not for the court to declare as matter of law, that the intestate was guilty of proximate contributory negligence. These facts not being in this case, the converse of the proposition is to be declared ; that Neal as matter of law was guilty of negligence in running the hand-car, or causing it to be run, into the of mass smoke, covering and entirely concealing the track for two or three hundred yards, and in which defendant's yard or switch engine with cars attached was liable and likely to be moving at all hours of the day.

The complaint in several of its counts relies upon this negligence of Neal as the ground of recovery. The 2d count, drawn under clause 2 of section 2590 of the Code of 1886, for instance, avers that at the time of the collision the hand-car and the employès, including the plaintiff, then on the car were under the superintendence of Neal, "who was then and there in the service of defendant and intrusted by defendant with such superintendence," and that the injuries complained of resulted from Neal's negligence while in the exercise of such superintendence, in causing the car to be run along the track hidden by the smoke without stopping to look, and without taking any precautions to ascertain whether an engine or train of cars was approaching from the other direction. The 3d count is under the 5th clause of section 2590 of the Code. It avers that Neal had charge and control of the hand-car, and negligently caused it to be run into the smoke, &c., without taking precautions, &c., against engines or trains that might be there. And the 6th count, under clause 3 of the statute, avers that plaintiff and the other employés on the hand-car were under the orders and directions of Neal, and were

[Woodward Iron Co. v. Andrews.]

bound to conform and did conform to his orders; and that the injuries were caused by the negligence of said Neal in ordering or causing said hand-car to be run into this dangerous place without taking precautions against engines or trains approaching from the opposite direction.

One theory of defense under these counts is that the plaintiff must be held to have assumed the risks incident to Neal's negligence by remaining on the hand-car when Neal caused it to be run into this dangerous place. This idea is unsound. To sustain it would be to emasculate the Employer's Liability Act in respect of its second, third and fifth clauses, and to rehabilitate the common law doctrine of fellow servants as applicable to the cases provided for in those clauses, when the clear purpose of the act is to destroy the defense of assumption of risk by the injured employè in the several cases stated in the counts referred to. An employé in such cases may be guilty of such *contributory negligence* as will bar his recovery, but he does not assume the risks incident to the negligence of a superintendent, or of a person to whose orders he was bound to conform and did conform, or of a person in charge and control of a locomotive engine, car, &c.—Reno Employer's Liability Acts, § 190.

The only defense possible to the defendant under counts 2, 3 and 6 on the evidence in this record is that of contributory negligence on the part of the plaintiff in remaining without objection on the hand-car when Neal caused it to be run into the smoke. Neal had charge and control of the car; plaintiff and the other employés on the car were under his orders, and in consonance therewith propelled the car into the place of danger, and, it may also be said, that he had superintendence intrusted to him in respect of the car and its crew. It approached the smoke at a high rate of speed. The plaintiff was one of four men working at the levers, his place being at the rear of the car. Neal was on the front of the car looking ahead, and one of the lever men was directly in front of the plaintiff. The brake, by means of which the car could be stopped, was not near the plaintiff, and was in charge of another employé. Plaintiff had no authoity to stop the car, or otherwise control it, and could not himself have stopped it. He could not get off it without incurring great danger.

There is evidence from which the jury might have inferred that plaintiff did not become aware of the dangerous condition of the track ahead until just before the car entered the smoke which constituted the element of danger. Under these circumstances, all that plaintiff could possibly have done would have been to request Neal to stop the car and either take precautions against a collision in the smoke or allow him, plaintiff, to get off. This he did not do. And his omission in this respect, coupled with his knowledge, if the jury found he had such knowledge, of the dangerous character of the place the car was running into, and of a custom to stop the car there when smoke covered the track and take certain precautions against trains coming from the opposite direction, is made the real basis of two instructions requested by the defendant to the effect that such failure, with such knowledge of the situation, was as matter of law proximate contributory negligence on his part, barring a recovery. These instructions, as also the affirmative charge on counts 2, 3 and 6, asked by defendant on the theory that the evidence without conflict showed that plaintiff was guilty of contributory negligence, were, in our opinion, properly refused. Taking all the facts and circumstances bearing on the point into consideration, it was for the jury, and not the court, to say whether a man of ordinary care and prudence, brought suddenly to a realization of the danger, with, it may be, only a moment or two to conceive the situation and act upon it, accustomed, it probably is, to rely upon Neal, the foreman, and to obey him, would have asked or demanded of Neal that the car be stopped, and the usual precautions be taken, or he be allowed to get off. If the jury found that plaintiff knew sufficiently long before the dangerous part of the tract was reached that smoke obscured it, and that it was not Neal's purpose to stop and send a flagman forward before entering the smoke, as seems to have been the custom, to have considered what he should do, and then failed to take any steps to avoid the danger, it may be they should have sustained the plea of contributory negligence, if they found the other facts hypothesized in charges 12 and 16 to exist. But if they found there was not such time and opportunity for consideration and action as a man of ordinary prudence would under all the circumstances

have availed himself of and sought to have the car stopped, they should not have sustained this plea. The true doctrine applying. here is thus stated by Roberts and Wallace in their work on the Duty and Liability of Employers : "But where by the negligence of the employer, or those for whom he is responsible, the plaintiff has been suddenly placed in a position of extreme peril, and thereupon does an act which under the circumstances known to him he might reasonably think proper, but which those who have a knowledge of all the facts, and time to consider them, are able to see was not in fact the best,. the employer cannot insist that under the circumstances the plaintiff has been guilty of negligence. 'Perfect presence of mind, accurate judgment, and promptitude under all circumstances, are not to be expected,' said JAMES, L. J., in *The Bywell Castle*, 4 P. D. 219, 222. 'You have no right to expect men to be something more than ordinary men,'" p. 440.

There was evidence from which the jury might have concluded that Ritchie was negligent in not giving the customary signals of the approach of his engine before entering and while in the smoke. It being, as we have seen, a question for the jury whether plaintiff was guilty of contributory negligence, the court properly refused the general affirmative charge for defendant on the whole complaint and upon the 1st and 4th counts, as well as upon the 2d, 3d and 6th counts referred to above, as also, of course, the 8th charge to find for defendant on the plea of contributory negligence, if the jury believed the evidence.

Affirmed.