# Burke Adm'r *v.* Alabama Midland Railway Company.

*Action for Damages for Wanton Injury.*

1. *Wantonness; when particular facts are charged to show a different state of facts cannot be proved.*—Where a complaint, brought against a railroad company by the administrator of a person killed by a train of the railroad, charges wantonness in causing the death and that the wantonness consisted in a failure of the defendant to use preventive means after the discovery of the peril of the deceased, the plaintiff will not be permitted, under such allegation, to recover upon proof that the wantonness consisted in running the train of cars without proper appliances at a given rate of speed over a public crossing where people are wont to pass in large numbers. While it may not be that in every complaint for wanton injury a particular averment of evidential facts is necessary to the sufficiency of the complaint, yet when the pleader undertakes to particularize as to facts constituting the wantonness charged, he cannot rest his case upon an entirely different state of facts constituting wantonness.

APPEAL from Montgomery City Court.

Tried before Hon. A. D. SAYRE.

Action by M. Burke as administrator of T. Burke

against the Alabama Midland Railway Company. The facts appear in the opinion.

GORDON McDONALD, P. C. MASSEY and CRUM & WEIL, for appellant, contended that the manner in which the train was run in connection with the character of the crossing and the number of people passing over it, was wanton negligence, citing, *Railroad v. Webb*, 87 Ala. 308; *A. G. S. R. R. v. Arnold*, 84 Ala. 168; *M. & C. v. Womack*, 84 Ala. 149; *Frazier v. S. & N.*, 81 Ala. 185; *Haley v. K. C. R. R.*, 113 Ala. 652. And that the question wanton injury should have been submitted to the jury, citing, *L. & N. v. Webb*, 92 Ala. 310; *L. & N. v. Richards*, 100 Ala. 366.

A. A. WILEY, *contra.*

DOWDELL, J.—This is an action for damages growing out of the killing of plaintiff's intestate by a train of cars operated by defendant's officers and agents at a public road crossing on what is known as the Mobile or Chert road, just without the corporate limits, but within the suburbs of the city of Montgomery. The complaint contained four counts. The first three are predicated upon simple negligence. The fourth count was intended by the pleader as counting upon wantonness, and was so treated by the trial court in sustaining plaintiff's demurrer to the defendant's plea of contributory negligence filed to this count. The cause was tried on the pleas of not guilty and contributory negligence to the first three counts, and upon the plea of not guilty as to the fourth count.

While there are a number of assignments of error, the only assignment insisted upon by counsel in argument relates to the action of the court in the giving of the affirmative charge requested by the defendant under the fourth count. The plea of contributory negligence was sustained by the proof without conflict, and there is no contention here that any error was committed by the court in the giving of the affirmative charge on that proposition. In the fourth count, following an averment of wanton injury in general terms, the pleader pro-

ceeds to set out under what is in effect a videlicet the facts constituting such wanton injury. Under this videlicet, after a statement by the pleader of the acts of commission and omission on the part of defendant's agents which resulted in the death of plaintiff's intestate, and which said acts of commission and omission as alleged, when considered apart from any other averment as to wantonness, would constitute it only simple negligence, it is then in connection therewith averred, that defendant's agents in control of said train, after perceiving the peril of plaintiff's intestate, failed to give any alarm signal or to apply the brakes. It is also in this connection averred, that the defendant's agents were unable to apply the brakes on the cars, for the reason that the same had been previously rendered useless by the defendant's agents in the removal of the handles of said brakes for the purpose of facilitating defendant's work in unloading dirt from said cars, defendant being at the time engaged in that character of work.

It is to be observed that in connection with the acts of negligence averred in this count, the element of wantonness alleged is the failure to do certain specified things after the peril of the deceased became known to the defendant's agents. We will pass over the question as to the sufficiency of this count for wantonness, and treat it as sufficient here, as it was so treated by the court below and so intended by the appellant.

As stated, the trial was had on the plea of not guilty to this count. The proof without conflict shows, that as soon as the peril of the deceased was discovered, or could have been discovered, by the conductor, who was standing on the front car of the backing train as a lookout, and when in about eighty or one hundred feet of said crossing, and while the deceased was about fifteen feet from said crossing, the conductor hallowed a warning to the deceased, and at the same time signalled his engineer on said train, who immediately reversed his engine and applied the air brakes upon the same, using all the means within his power and available to prevent the injury. We think there can be no doubt that this proof, under the plea of not guilty, was a complete answer and

defense to the wanton misconduct of defendant's agents as alleged in said fourth count.

It is, however, insisted in argument by appellant's counsel, that the wantonness consisted in the operation and running of said train of cars equipped as charged in said fourth count, and at the speed alleged, over and across a public road crossing where people were wont to cross in large numbers. The vice of this argument consists in the fact, that no such case is made up by the pleading. While it is stated in fourth count, in a description by the pleader of the *locus in quo* of the accident, that it was at a public crossing where people crossed frequently and in great numbers during the day, yet a knowledge of this fact by the defendant or its agents operating said train is nowhere averred in the complaint. Facts necessary to be stated in pleading cannot rest in inference. We do not intend by this to be understood as saying, that in every complaint for wanton injury, a particular averment of evidential facts is necessary to the sufficiency of a complaint; but we do mean to say, that when the pleader undertakes to particularize as to the facts constituting the wantonness charged, he cannot rest his case upon an entirely different state of facts constituting wantonness. In other words, when it is charged in the complaint that the wantonness consisted in a failure to use preventive means after the discovery of the peril, the plaintiff under such allegation will not be permitted to recover upon proof that the wantonness consisted in running the train of cars without proper appliances at a given rate of speed over a public crossing where people are wont to pass in large numbers.

No error is shown in the record and the judgment of the city court is affirmed.

Affirmed.