# Southern Railway Co. v. Bunt.

*Action by Employee against Railroad Company to recover Damages for Personal Injuries.*

1. *Pleading and practice; effect of plaintiff abandoning different counts of the complaint; appeal.*—Where a complaint contains several counts, and after the introduction of all the evidence the plaintiff states to the court and jury that he would not claim a recovery on any of the counts of the complaint except one, designating it, such abandonment by the plaintiff of all the counts, except the one designated, eliminates from consideration on appeal the rulings of the trial court relating to the demurrers interposed to the counts abandoned and to the rulings upon the pleadings relating to such other counts; and if there was error in the rulings upon such pleadings, such errors are rendered harmless and without injury by the action of the plaintiff.

2. *Action against railroad company for negligence; sufficiency of count.*—In an action against a railroad company by an employe to recover damages for personal injuries sustained by the plaintiff while coupling cars in the discharge of his duties, a complaint which avers that "the engineer of said engine wantonly or intentionally caused or allowed said engine to propel said car against said other car with too great force, with knowledge or notice that plaintiff was between said cars and in great danger from said car being propelled against said other car with such force," fails to state a cause of action, and will not support a judgment; the averment in

[Southern Railway Co. v. Bunt.]

said complaint that the engineer caused the car to be propelled with knowledge or notice that plaintiff was between the cars, embracing two different causes of action and affirming neither.

3. *Employers' Liability act; vindictive damages recoverable.*—In an action under the employers' liability act by an employee against his employer, to recover damages for injuries alleged to have been inflicted by reason of the negligence of the co-employee, vindictive or punitive damages are recoverable.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. A. A. COLEMAN.

This action was brought by the appellee against the appellant. The material facts of the case necessary for an understanding of the decision on the present appeal are sufficiently stated in the opinion.

After the introduction of all the evidence the bill of exceptions contains the following recital: " Counsel for the plaintiff stated to the court and jury that they did not claim a recovery in this cause upon the first, second, third, fourth or sixth counts of the complaint, but only claimed a recovery on the fifth count of the complaint, charging wanton negligence, or intentional injury to the plaintiff by Sam Watkins, who was the engineer of the engine attached to the train by which the plaintiff was injured."

The defendant requested the court to give, among others, the following written charges, and separately excepted to the court's refusel to give each of them as asked: (1.) "The court charges the jury that if they believe all the evidence in this case, they must find a verdict for the defendant." (8.) "The court charges the jury that if they should find a verdict for the plaintiff, they can only award him actual damages; plaintiff in this case is not entitled to vindictive or punitive damages."

There were verdict and judgment for the plaintiff. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

SMITH & WEATHERLY, for appellant.—The court erred in submitting to the jury the question of wanton wrong

[Southern Railway Co. v. Bunt.]

or willful injury. Count number five of the complaint does not charge willful negligence.

The court charges that Sam Watkins, the engineer, caused or allowed the engine to propel the car against the other car with too great force "with knowledge or notice" that plaintiff was between said cars, etc. This is not equivalent to charging that the act of injury complained of was knowingly committed, or that Sam Watkins did a thing consciously, which he had reason to believe would lead to the injury of the plaintiff.—*Brown v. L. & N. R. R. Co.*, 111 Ala. 275; *L. & N. R. R. Co. v. Brown*, 121 Ala. 221.

The court erred in refusing to give to the jury at the request of the appellant the following charge in writing: (8.) "The court charges the jury that if they should find a verdict for the plaintiff, they can only award him actual damages; the plaintiff in this case is not entitled to vindictive or punitive damages." This raises the question as to whether or not the defendant is liable to vindictive or punitive damages in the case of injury to one employee by another.—*L. & N. R. R. Co. v. Orr*, 91 Ala. 548; *L. & N. R. R. Co. v. Trammell*, 93 Ala. 350.

Bowman & Harsh, *contra.*—All the rulings of the court upon the pleadings were removed from the consideration of the court by the action of the plaintiff in stating that he did not claim recovery except under the fifth count.—*H. A. & B. R. R. Co. v. Miller*, 120 Ala. 537; *Woodward Iron Co. v. Andrews*, 114 Ala. 243; *Capital City Water Co. v. National Meter Co.*, 89 Ala. 401; *Sims v. Herzfield*, 95 Ala. 145; *Tillis et al. v. Austin*, 117 Ala. 262; *Watson v. Wirby*, 116 Ala. 557.

DOWDELL, J.—The appellee, John B. Bunt, sued the appellant railroad company to recover damages for personal injuries sustained by him while in the employment and service of said railroad company as a brakeman. The complaint contained six counts, all of which charged simple negligence, except the 5th and 6th, in which it was attempted to charge wantonness. Upon the conclusion of the evidence in the case, the plaintiff stated to the court and jury that he would not

claim a recovery on any of the counts in the complaint
except the 5th count. The abandonment by the plain-
tiff of all the counts in the complaint except the 5th
eliminates from consideration the rulings of the court
relating to the counts of the complaint thus abandoned,
so that if there was error in the first instance in the rul-
ings upon demurrers, such errors were rendered harm-
less by the action of the plaintiff. His announcement
of the abandonment of all of the other counts in the
complaint except the 5th, for all purposes of the trial,
was in its effect the equivalent of an amendment of
the complaint by striking out all of said abandoned
counts.—*Woodward Iron Co. v. Andrews*, 114 Ala. 243.
The question of error without injury as here presented
is different from that presented in the case of *Richmond
& Danville R. R. Co. v. Weems*, 97 Ala. 270, where the
complaint contained but one count, in which several
different causes of action were laid. There was no
abandonment in that case of any of the causes of action
laid in the complaint by the plaintiff, and the reason-
ing there stated as to what pleas the defendant might
have filed, if but one cause of action had been laid and
relied on in the complaint, is not applicable here, as
in the form of pleading here adopted the defendant was
in nowise prejudiced as to any defense which might have
been set up to the 5th count, and we think the rule as
laid down in *Woodward Iron Co. v. Andrews, supra,*
controls in the present case.

The 5th count as originally framed was demurred to
and demurrer confessed, and thereupon it was amended
and as amended it averred that "the engineer of said
engine wantonly or intentionally caused or allowed said
engine to propel said car against said other car with
too great force, with *knowledge* or *notice* [italics are
ours] that plaintiff was between said cars and in great
danger from said car being propelled against said other
car with such force." The averment in this count in the
alternative "with knowledge *or notice*" rendered it
bad as counting on wantonness. Wantonness in the
doing of, or omission to do, an act, the probable re-
sult of which will be to injure, can only be predicated
upon actual knowledge of existing conditions attend-

ing the act of omission, that causes the injury. Notice
in such cases is not the equivalent of actual knowledge.
*Brown, Admr., v. L. & N. R. R. Co.*, 111 Ala. 275. In
*M. & C. R. R. Co. v. Martin*, 117 Ala. 367, it was said:
"Unless there was a purpose to inflict the injury, it
cannot be said to have been intentionally done; and un-
less an act is done, or omitted to be done, under cir-
cumstances and conditions known to the persons, that
his conduct is likely, or probably will result in injury,
and through reckless indifference to consequences he
consciously and intentionally does a wrongful act, or
omits an act, the injury cannot be said to be wantonly
inflicted. These principles have been frequently de-
clared in this court." In *Glass v. M. & C. R. R. Co.*,
94 Ala. 581, again speaking of what constitutes wan-
tonness and intention to do wrong on the part of the
employes of a railroad company, it was said: "This
wantonness and intention to do wrong, can never be
imputed to them unless they actually know, not merely
ought to know, the perilous position of the person on
the track, and with such knowledge fail to resort to
every reasonable effort to avert the disastrous conse-
quences." To the same effect are the following cases:
*Ga. Pac. R'y Co. v. Lee*, 92 Ala. 262; *Railway Co. v.
Vaughan*, 93 Ala. 209; *Vance v. R. & D. R. R. Co.*, 93
Ala. 144; *Railway Co. v. Ross*, 100 Ala. 490; *L. & N.
R. R. Co. v. Banks*, 104 Ala. 508; *A. G. S. R. R. Co. v.
Burgess*, 114 Ala. 587, s. c. 116 Ala. 509; *L. & N. R.
R. Co. v. Anchors*, 114 Ala. 492; *A. G. S. R. R. Co. v.
Moorer*, 116 Ala. 642; *Birmingham, etc., v. Bowers*, 110
Ala. 328; *Stringer v. R. R. Co.*, 99 Ala. 397; *Railroad Co.
v. Richards*, 100 Ala. 365; *Railroad Co. v. Hall*, 105 Ala.
599; *Burke v. R. R. Co.*, 124 Ala. 604. If the words
"or notice," which are stated in the alternative should
be eliminated, the count as it would then stand would
be a good count for wantonness. But when the aver-
ment is made in the alternative, that the engineer caused
the car to be propelled with *knowledge or notice* that
the plaintiff was between the cars, *notice* not being the
equivalent of knowledge, it does not affirm that he did
the act with knowledge of the plaintiff's situation, nor
does it affirm that he did the act with *notice* of the

plaintiff's situation. In other words, the averment as it stands in the disjunctive, embraces two different causes of action, and affirms neither, but merely that it is one or the other.—*Tinney v. Cent. of Ga. R. Co.*, 129 Ala. 523; *Porter v. Herman*, 8 Cal. 619. It follows that the 5th count of the complaint upon which the trial was had, fails to state a cause of action, and failing to state a cause of action will not support a judgment.

As to the question of the measure of damages in such case, that is as to whether exemplary or punitive damages may be awarded in an action under the statute where death does not ensue, we think there can be no doubt that such damages are authorized by the statute. The statute provides as follows (Code, § 1739) : "When a personal injury is received by a servant or employe in the service or business of the master or employer, the master or employer is liable to answer in damages to such servant or employe, as if he were a stranger, and not engaged in such service or employment, in the cases following." It is quite clear from this language that as to the measure of damages, the employe is put upon the same footing as if he were a stranger. In construing this statute, in connection with section 1751 of the Code, in cases where death results from the injury inflicted, a different rule as to recoverable damages has been established by this court. The right of action in such cases survives only by virtue of section 1751, and no one can sue except the personal representative. In *L. & N. R. R. Co. v. Orr*, 91 Ala. 552, it was said : "The theory of the statute is that those for whom compensation is provided have a pecuniary interest in the life of the person killed, and consequently the amount of the recovery is limited to the amount of such interest. These principles furnish a correct exposition of our statute, and consequently we declare that under the provisions of section 2591 of the Code [which is the same as 1751 of the present Code] neither exemplary nor vindictive damages are recoverable.  *  *  *  The amount of the compensation being limited to the pecuniary injury, nothing can be allowed on account of pain and suffering of the deceased before his death, or for the grief and distress of his family, or loss of his

society." . And this same doctrine , as to measure of damages in case of death, was laid down by this court in the case of *L. & N. R. R. Co. v. Trammell*, 93 Ala. 350. The several sections of this statute, when taken together, make it quite clear that a different rule as to the measure of damages was intended where death ensued from that where death does not result from the injury.

. The judgment of the circuit court is reversed and the cause is remanded. ., .,. .,

Reversed and remanded. ·